IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-2163-WJM

ROBERTA J. BOLDON,

    Appellant,

v.

LEE E. LINDBLAD,
RUBY H. LINDBLAD,
JAMES S. HELFRICH,
JORDAN FACTOR,

    Appellees.

___

**ORDER DENYING APPELLANT'S MOTION FOR STAY OF JUDGMENT ON APPEAL**
___

    Before the Court is Debtor-Appellant's Motion for Stay of Judgment on Appeal (ECF No. 16), Appellant's supplement to that Motion (ECF No. 18), and Appellees' Response (ECF No. 20.) "To receive a stay, debtor must show that: 1. it is likely to succeed on the merits of its appeal; 2. it will suffer irreparable injury if the stay is denied; 3. the harm suffered by debtor outweighs the potential injury to the Bank if the stay were granted; and 4. the stay would be in the public interest." *In re Drislor Assocs.*, 110 B.R. 937, 939 (D. Colo. 1990). The Court finds that Appellant fails to request relief that would have any practical effect, and that she otherwise fails to satisfy the first and second elements of the stay standard (likelihood of success and irreparable harm). Appellant therefore is not entitled to a stay pending appeal.

    Appellant filed an adversary proceeding in the Bankruptcy Court, alleging that Appellees were violating the discharge injunction of her Chapter 7 proceeding by suing

her in Weld County District Court on a debt that preexisted her Chapter 7 proceeding. (Bankruptcy Record on Appeal ("R.") (ECF Nos. 9-1 & 9-2) at 4–16.) Appellees moved to dismiss the adversary proceeding because Appellant never listed Appellees as creditors on her Chapter 7 schedule, and the relevant bankruptcy statutes therefore give the state court jurisdiction to determine whether Appellant's alleged debt to Appellees has been discharged. (R. at 33–37.) The Bankruptcy Court agreed, noting that Appellant had "raised the affirmative defense of discharge in bankruptcy in her [state court] answer. The issue is now pending before the State Court." (R. at 48.) The Bankruptcy Court accordingly granted Appellees' motion to dismiss with prejudice. (R. at 48–49.)

Appellant appealed to this Court on September 30, 2015. (ECF No. 2.) The appeal has been fully briefed since January 2016. (*See* ECF Nos. 10–12.) On March 11, 2016, Appellant filed the Motion for Stay of Judgment that is at issue here. (ECF No. 16.) Appellant asks this Court "to stay the judgment dismissing this Adversary Proceeding." (*Id.* at 1.) She argues that she "is likely to succeed on the merits, because her Adversary Proceeding stated a claim for contempt of the Discharge Injunction in her no-asset Chapter 7 bankruptcy." (*Id.* at 2 (capitalization normalized).)

As this Court explained in its Order requiring Appellant to clarify the relief requested (ECF No. 17), the Bankruptcy Court's judgment is not a money judgment, nor has the Bankruptcy Court entered an injunction against Appellant. Thus, this Court required Appellant to file a supplement and explain what practical relief she would obtain through a stay. Appellant responded by explaining that the Weld County District Court previously stated that it will "defer to the bankruptcy court regarding the resolution of this

issue [*i.e.*, whether Appellant's debt to Appellees has been discharged]." (ECF No. 18 at 2 (emphasis removed; internal quotation marks omitted).)  According to Appellant,

> This Court's Stay of the Bankruptcy Court's dismissal would turn the Weld Court back [to] its original position that "The Court will defer to the bankruptcy court regarding the resolution of this issue." [Appellant] would move the Weld Court to stay proceedings until this Court decided [Appellant's] appeal, and use this Court's Stay to support that motion.  Thus, this Court's issuing the stay that [Appellant] requested would, indeed, have a practical effect.

(*Id.* at 3 (emphasis removed).)

Appellant fundamentally misunderstands what she is requesting.  There is nothing to stay pending appeal.  Stated differently, if this Court were to "stay" the Bankruptcy Court's judgment, it would be as if the Bankruptcy Court never ruled on Appellees' Motion to Dismiss below, thus leaving all of the questions raised in the Motion to Dismiss unresolved.  Perhaps that might prompt the Weld County District Court to stay further proceedings there pending this Court's resolution of the appeal, but it might not.  It is simply Appellant's hope that the Weld County District Court would grant her ensuing motion.  Thus, the practical effect of this Court's "stay" would be entirely contingent on another court's later decision on another motion yet to be filed.

Furthermore, in terms of likelihood of success on the merits, Appellant fails to address her most significant weakness: she did not list Appellees as creditors on her Chapter 7 schedules.  Although the Court cannot make any definitive ruling until it resolves this appeal on its merits, it is difficult to see how Appellant can state a cause of action for contempt of an injunction against a party who received no notice of of the injunction.

As for irreparable harm, Appellant again falls short.  First, Appellant filed this appeal on September 30, 2015, but waited until March 11, 2016, to move for a stay.  Appellant nowhere explains this delay, and her previous tolerance for the delay suggests a lack of irreparable harm.  Second, the Weld County District Court may ultimately rule that Appellant's debt was discharged.  Thus, Appellant has failed to explain how she faces irreparable harm.

For all of these reasons, Appellant's Motion for Stay of Judgment on Appeal (ECF No. 16) is DENIED.

Dated this 29th day of March, 2016.

BY THE COURT:

William J. Martínez
United States District Judge